faegre drinker

faegredrinker.com

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 102 in 18-CV-10188 and to docket this endorsement in 18-MD-2859 and 18-CV-10188.

**Peter A. Meyer**
Partner
peter.meyer@faegredrinker.com
+1 260 460 1758 direct

**Faegre Drinker Biddle & Reath LLP**
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
+1 260 424 8000 main
+1 260 460 1700 fax

SO ORDERED.

July 2, 2026

July 1, 2026

**VIA CM/ECF**

Honorable Jesse M. Furman, United States District Judge

Re: *Strode v. Zimmer*, 1:18-cv-10188-JMF - Letter Motion to Seal Select Portions of Exhibits Supporting Zimmer Defendants' *Daubert* and Dispositive Motions.

Dear Judge Furman:

In connection with the Zimmer Defendants' forthcoming *Daubert* and dispositive motions, they will cite to the expert reports of Ms. Mari Truman. Select portions of these reports contain confidential, sensitive, and/or trade secret information, the release of which could cause competitive injury to Zimmer. As this Court's Order No. 59 in MDL No. 2859 thoroughly explains: (1) documents submitted for the adjudication of pretrial motions are judicial documents; (2) Zimmer must provide a sufficient basis for maintaining a judicial document under seal; and (3) summary judgment filings can require more compelling reasons for sealing than other pretrial submissions. (*See* Order No. 59, Doc. 360 in 1:18-md-02859, pp. 2-4) (citing, *inter alia*, *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). Here, Zimmer has narrowly tailored its redactions to information that could create a competitive injury.

Importantly, the Zimmer Defendants only seek to redact select portions of exhibits to these motions; there are no redactions made to the text of Zimmer's memoranda in support of their *Daubert* and dispositive motions, or from the Zimmer Defendants' Statement of Undisputed Material Facts. As a result, the weight of presumption to public access may be less than if the Zimmer Defendants were asking to redact/seal portions of its actual briefs. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020).

This Court has already sealed portions of Ms. Truman's December 22, 2020, expert report, attached as Exhibit A, as outlined in a previous Letter Motion to Seal. (*See* Order, Doc. 399 in Case No. 18-md-2859, granting Letter Motion to Seal filed at Doc. 369 & Doc. 370 in Case No. 18-md-2859.) Therefore, this Letter Motion will focus on sealing portions of Ms. Truman's two expert reports specific to *Strode*. As detailed below, select portions of the expert reports of Ms. Truman contain details of: (1) non-public, proprietary research and development information, including design specifications and internal testing setups and detailed results; and (2) confidential information regarding Zimmer's internal investigations and internal adverse event and complaint handling. These are the types of sensitive information that, if made public, could result in competitive injury. *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, No. 17 CV 147, 2019 WL 3753780, at *4-5 (E.D.N.Y. Aug. 8, 2019). Zimmer addresses each of its redactions by category and exhibit in the charts below.

Honorable Jesse M. Furman,
United States District Judge

July 1, 2026

**<u>CATEGORY NO. 1:</u> Non-public, proprietary design, research, and testing information**

**A. Expert Report of Mari Truman, July 17, 2023 (Exhibit B)**

| Page(s) | Description |
|---|---|
| 2 | Page 2 discusses and cites Zimmer's confidential, proprietary internal ACF (Accelerated Corrosion Fatigue) test protocol and methodology, including the specific internal testing conditions and parameters used by Zimmer for quantitatively analyzing modular junctions. |
| 58-59 | Pages 58–59 cite and discuss non-public, internal Zimmer documents regarding Zimmer's ongoing confidential research and development efforts relating to testing. Specifically, Figure 15 includes a chart comparing detailed internal ACF testing results for Zimmer product combinations from the Fretted and Corroded Tapers Solutions (FACTS) study; Figure 16 includes a chart depicting the effects of impaction load on corrosion from Zimmer's internal FACTS testing; and Figure 17 includes an internal data table with detailed quantitative ACF test results for each product combination tested. |
| 60 | Page 60 quotes Zimmer's design specifications for certain tapers. |
| 115-117 | Pages 115–117 cite and discuss non-public Zimmer documents regarding Zimmer's testing. Specifically, Figure C4 includes images depicting internal stem taper finish comparisons from FACTS testing; Figure C5 includes internal head fretting corrosion images from the FACTS testing; and Figure C6 includes internal head fretting corrosion images from the FACTS testing. |

**B. Expert Report of Mari Truman, September 17, 2025 (Exhibit C)**

| Page(s) | Description |
|---|---|
| 17 | Page 17 discusses and cites Zimmer's internal ACF corrosion testing. Figure S6 includes a photograph from Zimmer's internal ACF corrosion testing conducted at Zimmer' Winterthur laboratory, and Figure S7 includes an image depicting the internal ACF test parameters as tested at the Winterthur facility. (Note: Ms. Truman highlighted portions of these pages as well regarding materials used in Zimmer's femoral heads – those portions are not redacted.) |
| 18 | Page 18 discusses and cites Zimmer's internal testing. Figure S8 and Figure S9 include images depicting results from Zimmer's confidential FACTS testing. |
| 19 | Page 19 discusses and cites Zimmer's internal testing. Figure S10 and Figure S11 include detailed graphs depicting additional results from Zimmer's confidential FACTS testing. |
| 20 | Page 20 discusses and cites Zimmer's internal testing. Figure S12 includes an image and chart depicting results from Zimmer's confidential FACTS study. |

**<u>CATEGORY NO. 2:</u> Confidential information regarding Zimmer's internal investigations and internal adverse event and complaint handling.**

**A. Expert Report of Mari Truman, July 17, 2023**

| Page(s) | Description |
|---|---|
| 47 | Page 47 discusses and cites Zimmer's internal adverse event tracking and complaint handling. Figure 13 is a chart depicting Zimmer's compilation of corrosion complaints by stem type. |
| 112-114 | Pages 112–114 discuss and cite Zimmer's internal investigations and complaint handling. Specifically, Figure C1 includes a chart depicting Zimmer's internal taper corrosion complaints from 2009 through February 2016; Figure C2 includes a chart depicting complaints stratified by manufacture year; and Figure C3 includes a chart depicting complaints stratified by surgeon. |

**B. Expert Report of Mari Truman, September 17, 2025**

| Page(s) | Description |
|---|---|
| 31 | Page 31 discusses and cites information gathered from Zimmer's internal Quality Investigation Reports ("QIR") and internal complaint data, including internal tables and associated text descriptions discussing revision data associated with adverse events reported to Zimmer. |
| 32 | Page 32 discusses and cites Zimmer's internal complaint data, including charts and associated text descriptions depicting complaint data reported to Zimmer. |
| 33 | Page 33 discusses and cites Zimmer's internal complaint data, including an internal chart and associated text description depicting complaint data reported to Zimmer. |

The above pages from the expert reports of Ms. Truman contain trade secrets, confidential research and development information, and/or internal complaint and adverse event data of the type commonly sealed by the Second Circuit. If the redacted information was publicly disclosed, it has the potential to harm Zimmer's competitive standing. The medical device industry is highly competitive. Zimmer has deliberately shielded the above information from its competitors and the public because it would provide Zimmer's competitors with information they could use to mimic Zimmer's products; mimic Zimmer's unique methodology for testing, development, and analysis; and/or to otherwise gain a competitive advantage in the design, manufacture, or marketing of their own products. If the information were not redacted, it would provide "valuable insights into [Zimmer's] current business practices that a competitor would seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). The potential harm from disclosure outweighs the public's interest in access to the information and thus, the material should remain under seal. *Uni-Sys., LLC*, 2019 WL 3753780, at *4.

Pursuant to your Honor's individual rules, this Letter Motion to Seal is accompanied by copies of the unredacted Exhibits A-C with highlighting over the already-approved redactions (Exhibit A) and proposed redactions (Exhibits B & C), filed under seal. Copies of the redacted versions of the exhibits are filed publicly. The expert reports filed publicly as exhibits in support of the Zimmer Defendants' forthcoming dispositive and *Daubert* motions will be the redacted versions.

Respectfully submitted,

/s/ *Peter A. Meyer*

Counsel for the Zimmer Defendants